The next case today is Akeem Leandru-Thomas v. Merrick B. Garland, Appeal No. 20-2144. Attorney Formica, please introduce yourself for the record and proceed with your argument. Good morning, Your Honor. My name is Glenn Formica. I represent the petitioner in this matter, Akeem Thomas. Your Honor, there are three issues that we raised on our appeal. The one that I'd like to focus on, at least initially, is the issue of due process. I would also like just to frame the Court's reference in making this argument. We've laid them out in our brief, of course, but what's important here is not so much the decision of the Immigration Court, as much as it is the way the Immigration Court obtained that decision. And really, the collateral burden that the Court placed on the petitioner, Mr. Thomas, in the removal proceedings. Mr. Formica, can I ask you a procedural question first? Yes, of course. It does not appear to me that you ever made this due process argument or anything resembling it before either the Immigration Judge or the Board of Immigration Appeals. Okay. Your Honor, well, first of all, I think the Court can still hear it as a... Is that correct? Is that correct? Yes, Your Honor, it is correct. And as the Court may be aware, I've only come into the appeal... That's all right, but we've got a question here of exhaustion, as you're asking us to consider issues that the agency was never asked to consider. Your Honor, to the extent that the agency would have been asked to consider a constitutional question, I think the Court still reserves the ability to review this matter. If it should... The agency certainly could have been asked to defer any action on the petition pending resolution of the criminal case. That wasn't attempted. Certainly, the defendant could have amended his Fifth Amendment rights. He never did that. He testified without invocation of those rights. So, I'm really troubled by whether we have jurisdiction to consider these items. Let me follow up on Judge Salia's statement, the question I was going to ask. Your client, he was represented by counsel. He testified. He said he didn't recall anything. But isn't that an issue of preserving the issue that Judge Salia said, but also a waiver issue? Because he just went up there and testified. He could have said, I got a Fifth Amendment problem. I'm not going to talk. I have this pending matter. But he didn't. He just proceeded to litigate the matter. Your Honor, yes. One of the reasons I want to begin my comments or my arguments to you today with framing the context of this in a more constitutional way. I do understand the issues of exhaustion, whether prior counsel properly preserved it or even the issue on waiver. In reading my brief, Your Honor, I'm not really making those arguments. Where I'm trying to focus the court's attention is one is on a constitutional question, whether it met the Matthews test. I'm also asking the court to look at it as a question of law. Are you suggesting that either constitutional questions or questions of law are not subject to the exhaustion principles? Your Honor, they are subject. And I believe this court will be able to hear just on a pure constitutional question, because the executive branch can't decide constitutional issues. It's restricted as an Article II to determine the constitution. That's, I believe, Marbury's question. I'm asking this court to look at this issue as a constitutional question. So what are you saying? You're saying these issues could not have been raised in the immigration court or in the BIA? Your Honor, yes, they could have been raised before the BIA. The issue, I think, would be whether the BIA is under the Department of Justice in the Article II. And I'm being pedantic, respectfully, Your Honor, sort of processing. But as an Article II, how would they make a self-determination as to the constitutionality of it? I think they could certainly review the process side of it, whether or not. And that could have been preserved, Your Honor. That's not disputed. But what we're trying to focus on this appeal is the court's attention on... If you're saying that the agency could not have determined that their own statutory rule was a violation of due process, let's take that as a given that you're right about that for a second. When you say you have to do the Matthews analysis, of what? Well, Your Honor, Matthews would come in to determine whether or not the process itself... Which is what? ...was constituting... He's seeking a discretionary benefit. He's requested it. He knows his situation when he requests it, which is that he's got this pending criminal charge against him. Is the idea that due process precludes the government from asking about that situation in determining whether to grant discretionary benefit? Your Honor, I think... Yes, Your Honor. I believe that that's correct. I mean... And what supports that notion, I guess? I just don't quite follow how Matthews gets you to that conclusion. Your Honor, if you look at the totality... If you look at the context of the proceeding, and we argue this in our... Because I know my time is short. If you look at the context of these proceedings, you have someone who is in front of an immigration judge simultaneously as he's being prosecuted in state court, defending his innocence. He's also... And this is... They're separate proceedings. Wait, but what I'm saying is the statute contemplates a benefit for a person who otherwise can be removed, in which they can get the discretionary benefit of having the removal order canceled. Correct, Your Honor. The statute provides that benefit against a backdrop. This is why you say the BIA couldn't strike it down as unconstitutional, because the statute contemplates that that benefit might have to be requested in circumstances in which you're also facing a pending criminal charge. And the statute resolves that by telling the BIA, in that circumstance, it's permissible for the agency to take into account that criminal charge in deciding whether to grant discretionary benefit and can ask about it. You say that's unconstitutional. What's unconstitutional about that scheme when Congress chooses to afford a benefit with that limitation on it? Your Honor, I open... And to your point, I don't disagree. That's why my argument is not necessarily against the result or the decision, but it's against the process, the constitutionality of the process, where you have someone with a But the other point, and I'm rushing here, but... No, they're only being asked to provide it for, to take advantage of a benefit that has been provided to someone who otherwise could be removed. They don't have to seek it. Your Honor, I think that the issue of removability and the issue of affirmative benefit are really two separate issues. The issue is on removability, because... Removability was conceded here. He conceded removability before the immigration court. Your Honor, the process itself, you have to concede removability because he was without status. I mean, that's a fact. But the timing in the process of placing him in removal proceeding and then his ability to... If Congress provided no means of having violation... Well, it wouldn't be cancellation or removal in this case. It's an adjustment of status, but I think... There's no such thing as adjustment of status. We ordered you removed, you're removed. Would that be unconstitutional under the due process clause? Only to the extent, Your Honor, that because of his detained status, because he's being criminally processed, yes, it would be, Your Honor. What's happening here, Your Honor, and I'll make this with my time running short, just getting right to the point. You are asking a state court to prosecute an individual at the same time that the federal government is trying to strip the straight... Take him away and put him beyond the reach, so that he cannot defend himself under a criminal due process, because A, he's being detained. We make that point in our brief. And B, because he's about to be thrown out of the country, in which case he'll have a failure to appear or bail violation for not appearing at his court date. Just so I understand your argument, if this person did not file for adjustment of status, and there was no adjustment of status available to him, and he was being sought to be removed at a time when he was being prosecuted criminally in state court, the effectuation of the removal would itself be a due process violation? Correct. It would impair his criminal process. And this has actually been commented on, we pointed out in our brief, by a lot of federal district courts, because a federal judge will not have the U.S. attorney, just if I may finish, would not have the U.S. attorney, A, overruling a bond determination, and B, saying with one hand, we want to criminally prosecute you, but on the other hand, we're going to put you outside the jurisdiction so that you can't defend yourself. And that fundamentally is what's happening here, except that we're replacing the U.S. attorney's office with a state prosecutor's office. Wouldn't that be a challenge to the criminal prosecution in state court about whether it would be permissible to prosecute somebody who had been ordered removed and so couldn't defend himself? How is that a due process violation that the federal government's inflicting? Your Honor, the federal government is coming in to remove him from the jurisdiction of the state court. And I would add that the federal government is initiating a civil proceeding, not a criminal proceeding. But until he's convicted, there's no due process violation, right? Your Honor, the due process violation is that he can't defend himself in court. In fact, there's no harm from that unless he's convicted. Your Honor, the harm, and we draw this out in the brief, was that at the time, his criminal process was delayed, partly because he was being held in Plymouth, Mass., while his court was going forward in Bridgeport. Then we had COVID, so it's been further delayed. But he cannot defend himself, even though he may bail in state court, because the federal government is restraining him. Thank you, Your Honor. You made one last question. You made an analogy to, instead of the immigration level, that the U.S. attorney were charging your client criminally. But that is something that happens every day of the week, in my prior experience as a district judge. Folks are charged criminally at the state, also by the federal government. The federal government detains them, state may have granted bail, and they have to plead guilty or go to trial in the federal proceedings. And again, I don't think that analogy supports your point. I don't have to say anything about that. But I would only respond, Your Honor, that in that circumstance, he has the benefit of double criminal due process. In this case, you have someone who's at the mercy of a civil due process under a federal proceeding, while they have criminal due process in the state proceeding. And so I think the analogy is similar in that in the one of district court judges, you're aware if your owner is faced with it, the U.S. attorney has to decide, either we're just going to deport him and forbear on the criminal charges, or we're going to forbear on deporting him while we allow him the criminal due process to defend himself. At a later time, they can certainly come in afterwards and deport him after he has his conviction. But not at the same time. Okay, thank you. Thank you, Your Honor. Attorney Formica, at this time, you can mute your audio and your video. Attorney Mack, if you could please unmute your audio and video and introduce yourself on the record to begin. Good morning, and may it please the court, Greg Mack, for the respondent to the Attorney General of the United States. The counsel started out with the notion that a Matthews inquiry is necessary here. That issue's been waived. He did not assert a Matthews inquiry was necessary in his opening brief. The Matthews citation only occurs in the reply brief, so any notion that Matthews applies here or should apply here or the Matthews inquiry is necessary, that's been completely waived here. So what's really going on here is Petitioner wants the benefit of a right to remain silent under the Fifth Amendment before the immigration judge without actually invoking that right for the immigration judge, presumably because Petitioner knows that an adverse inference under all the case law can be drawn before the immigration judge. So he seeks to come in through the back door by framing his case as some sort of collateral or undue burden on his rights in the criminal case through having to testify in the immigration proceedings. As Judge Selleck pointed out, this case is about commencement of removal proceedings, so he conceded removal. He's the one who put the Fifth Amendment at issue or the so-called peril of the Fifth Amendment because he wanted relief from removal. If he didn't want to be in removal proceedings, he could have filed a motion to terminate the removal proceedings. He didn't. He came to the immigration judge, hat in hand, asking for discretionary relief under which there's no liberty or property interest to do that relief, and now he comes to the court through the back door and saying, I shouldn't have to go forward in immigration. Could you address Judge Selleck's question about the exhaustion of jurisdiction, about the due process claim? Certainly. I believe in his appeal brief to the court, and I'll look for the specific page, at page 17 of the record, he says evidence must be probative and fundamentally fair as to the process. The government didn't make an exhaustion argument on his due process claim. Sometimes exhaustion is my hobby horse. Sometimes I rely on it too generously, but I think in this case, he's at least thrown the words due process into the brief to the board, but in any event, even if there's a constitutional issue before the board, the court still said you have to exhaust that constitutional issue if the board has the power to correct it, and the board certainly has the power to correct a claim that I shouldn't be required to testify before the immigration judge, and indeed, the board goes on and addresses the issue by saying, look. How could the board have corrected it? The board could have corrected it by, say, for example, if the case law was to the point or contrary, well, the police report can't come in, so you can't question about the police report, but of course here, he's even weighed that issue because he put the police report into evidence on in support of his application for adjustment of status, so if that was the law, that a police report is not admissible for unconvicted conduct, the board said, oh, that's the law, and we will not permit you to introduce the police report, but the black letter law is if there's a constitutional issue that the board can address procedurally by taking some action and sending the case back to the immigration judge, certainly the attorney general through the board can address that issue. There are certain due process or more likely protection concerns that the board cannot address. But the government's position was the reason you didn't raise the jurisdictional bar is you thought that it had been raised to the BIA, and the BIA just failed to address it. Well, not that the board failed to address it, but that the board did, in fact, address it, but whether it's due process or a violation of law, the board addressed the police report issue. Did it address the due process claim? I think it addressed the due process claim as a part of saying, look, the black letter law is the police reports can come in, so they're intertwined, whether it's a due process claim or a violation of law claim. The board says, look, this evidence is reasonable, it's probative with respect to requesting relief from removal, so the police report comes in. No, but the claim was not that the reason it can't come in is because it's not reasonable and probative. The claim was it can't come in because of the due process bar in this situation of using it because of the way it would affect the process in being able to seek discretionary relief. That's a different type of due process argument. I don't understand the BIA to have addressed that issue. Okay, well, the terms due process were in the appeal brief, so the government... Your position was that the government treated as if it was raised, and the fact that the BIA chose not to address it directly doesn't mean that you failed to exhaust it. Right. It just means that... But, well, if that's the case, is that... Are we able to then resolve it if you're conceding the BIA did not address it? Well, I'm not conceding the BIA didn't address it. I'm saying that the petitioner's appeal brief met the due process of the board through saying that the police... Well, now we've got a bit of a Chenery issue. If you're saying that it was raised to the board and the board just resolved it by saying it's reliable and that we've been discussing with counsel or that you just made... The argument you're making about why the due process claim fails may have merit, sounds to me like it probably does, but I don't see the BIA itself as having addressed that issue. Well, I would say that the board addresses it in page three. It says, therefore, the immigration judge did not err in relying on the police reports. That covers the waterfront with respect to a question of law or constitutional claim. I don't think so. Not that the therefore follows what comes before and what follows the comes before doesn't address any of the points you were making about how it's a discretionary benefit. It just focuses on the reliability and probativity of the police report. Well, that's what he said in his appeal brief, but what the board says, the immigration... Four minutes remaining, four minutes. The immigration judge may consider police reports in deciding whether a grant of discretionary relief is warranted. That covers the waterfront on both the statutory claim on a question of law or the constitutional claim. So again, our point is we did not say, and we usually say, we do certainly tell the court when a claim isn't exhausted, but because the words process do appear in the appeal brief, we didn't think it was necessary to make an exhaustion claim in particular because the issue was so weak that we didn't need an black letter of law for this court. In particular, a decision by Judge Barron in the Perez case, police reports are admissible. So the other thing that I'll make in the last few minutes here is petitioner goes to great lengths to say, look, I'm hobbled in a criminal case because I'm being subject to removal proceedings and I'm being detained somewhere. Well, I'm not telling him to do this, but if you're concerned about your criminal proceedings and being detained, you file don't fight that out here in the petition for review. And the issue isn't even right. There's no case or controversy over being removed from the state court's jurisdiction because nothing's happened in this criminal case so far. And he's been detained for two years. So there's no case or controversy with respect to this being hobbled in his criminal court proceedings. So the case isn't about removability because he admitted removal. The case isn't about the reliability or probability of the police report because he submitted the police reports to the immigration judge. And further, police reports are admissible. So therefore, there's no constitutional error. There's no legal error here. And indeed, on top of that, there's no liberty or property interest with respect to discretionary release. You can't even make a due process claim in that regard. Go ahead, your honor. I think you have a question. Let me ask you in this type of even the removal proceeding itself. Could the petitioner ask for a stay at any point? I believe he could. Am I correct? You're absolutely correct. If the case was about removability and being placed in proceedings, he could have won by the motion to terminate the proceedings or at the top of the proceedings could have said, look, I have the state court charge pending. I need a continuance until my criminal case is over. And then the immigration judge would grant that or deny it. And if it was denied, it would go to the board on appeal. And if the board agreed and said no continuance is necessary, particularly for that length of time, which is, I guess, two years now that the charges have been going on, the case would come to this court for an abuse of discretion determination. So he could have sought a continuance way back when. He did not get continuance in this case pending the criminal charges. So he's coming to this court and saying he's hobbled by the criminal case. And whether he had to testify or not, he could have sought some sort of protective continuance before the immigration judge. He never did seek that for the purposes of the pending criminal trial. Thank you. There's no further questions. We ask the court to dismiss the petition for review. Thank you. That concludes argument. That concludes the arguments in this case. Attorney Formica and Attorney Mack, you should disconnect from the hearing at this time.